Spear, C. J.
Salient facts appearing with respect to the robbery are that on June 15, 1910, the defendant with four other men went out a few 'miles from Cleveland and lay in wait for the paymaster of The Cleveland Trinidad Paving Company, who was expected to pass with the payroll and money for the men. That person was joined by the foreman and they started to travel to the place of work, when five men, all armed with large caliber revolvers, suddenly leaped from the bushes at a lonely spot and conducted the paymaster and foreman into a near woods, bound and blindfolded them and took from them eleven hundred and ninety-two dollars in money, and made way with it. One Consolo was captured. The defendant, on information obtained from Consolo, was arrested a day or two later. The evidence of the state at the trial showed that Sappienza and others associated with him had planned the robbery some days before its commission. The defendant set up as a defense at the trial that although present he did not want *68 to commit the robbery; and testified that his life was threatened, and that the only reason he went with them was through fear of his life. Two others who had been apprehended testified in corroboration. The defendant’s counsel presented to the court several, requests to charge, all bearing upon the effect in law of the defense, as to the burden of proof regarding the plea of duress. The court declined to give them, but did charge the jury upon that branch of the case as follows: “The defendant in this case makes the defense that he withdrew in the first instance from the conspiracy or common design to perpetrate this robbery; but that he was coerced and acted under duress. On this subject I say to you that this is the defense made by the defendant and the burden- of proof is upon him. It is not necessary, gentlemen of the jury, so far as this defense is concerned, that it should be proven beyond a reasonable doubt; it is sufficient in law if it should be shown by the preponderance of proof. By preponderance I do not mean that more witnesses should testify on one side or the other; but if you believe from the whole testimony that the preponderance of proof is with the defendant, with reference to the question of defense I have spoken about, then you may say that he has maintained that issue. On that subject I say to you this, it is the law that if a man has determined to commit a crime, and is engaged in carrying out his purpose, he has a right at any time before the consummation of the offense, to withdraw. He may repent of his purpose and desist, and if he does and stops short of the final act that completes the crime, he is guilty of no *69 crime. In this case, though the defendant set out or joined with others to commit the crime charged 'in the indictment, yet, if in good faith he withdrew from the purpose, and participated, to the extent that he did participate, because he was under duress and coercion because he was in fear of his life, then he would not be guilty and your verdict should be for the defendant.”
It is not deemed necessary to specially notice the requests to charge. The charge as given presents the real question in controversy, and, if correct, the special instructions asked would at least have been misleading. It seems to be conceded that the charge was a correct presentation of the law ■bearing on the case, other than on the question of duress, including a proper rule as to the element of reasonable doubt generally, leaving the real error insisted upon the instruction regarding the burden of proof as to duress. The question, therefore, is whether or not the plea of duress is an affirmative defense; which imposes upon the defendant the burden of establishing it by a preponderance of the evidence. It was the opinion of the trial court that it is such affirmative defense; but the circuit court held otherwise, and hence the judgment of reversal by that court, which was only ■on the ground of error in the charge in that respect.
This court is of opinion that the charge of the common pleas is supported by reason as well as authority, and embodies the proper rule of law with respect to duress. The provision of statute under which the indictment was found, (section 12432, General Code), is as follows: “Whoever, by force or violence; or by putting in fear, steals and *70 takes from the person of another anything of value is guilty of robbery, and shall be imprisoned in the penitentiary not less than one year nor more than fifteen years.” Upon making proof, therefore, beyond reasonable doubt, that the defendant, with others, by force or violence, or by putting in fear, had stolen and taken from the person of the individuals named in the indictment, against their will, something of value, the State had made ■ its case one justifying a verdict of guilty, unless the defendant on his part produced evidence which exculpated him. The State did not need to go into the question of intent on the part of the robbers because of the universal rule, as a presumption of fact, that the natural and probable consequences of every act deliberately done were intended by the person who did them. It is not denied that the defendant participated in the acts which constituted the robbery, nor is it seriously claimed, at least it can not be reasonably claimed, that he did not intend to aid in doing the very acts which constituted the robbery, the full force of the exculpatory claim being that his intent was controlled by an outside force, that is, duress. In the nature of things this was an affirmative defense, one which it was incumbent on the defendant to make out by a preponderance of the evidence. This was so because the principle that the burden of proof is on the State in criminal cases has refence to the establishment of the corpus delicti, and the defendant’s complicity; but when the defendant relies upon distinct substantive matter for exemption or immunity, the burden of proving such matter is on the defendant. Ellis v. The State, 30 *71 Tex. Cr. App., 601. This rule is also involved in The State v. Arnold, 13 Ired., 184, that- when the defense on an indictment for murder is that the prisoner was under the age of presumed capacity, the onus of proof lies upon the prisoner. A like principle is involved in the ruling in Commonwealth v. Zelt, 138 Pa. St., 615, 11 L. R. A., 602, that one charged with illegally selling liquor was acting as agent for a foreign importer is a matter of defense to be established by competent evidence sufficient to throw a reasonable doubt on the case of the prosecution. There is applicable, also, the more general rule, as held in State v. McGlynn, 34 N. H., 422, that where the subject-matter of a negative averment in an indictment relates to the respondent personally, or lies peculiarly within his knowledge, the averment will be taken as true unless disproved by him.
The principle involved is not different in character from that determined in Kelch v. The State, 55 Ohio St., 146, and in The State v. Austin, 71 Ohio St., 317, relating to the defense of insanity, the holdings being based on the rule, now thoroughly established in this State, though doubted in some jurisdictions, that as the law presumes sanity to be the normal condition, and insanity an abnormal condition, the burden rests upon him who sets up the defense to support it by a preponderance of the evidence. The same principle is applied with respect to the defense of self-defense, in a trial for murder, in Silvus v. The State, 22 Ohio St., 90, and with even more pertinency, as we think, in Weaver v. The State, 24 Ohio St., 584, where the crime charged was malicious shoot *72 ing with intent to kill. These cases embody the settled law of the state on the questions involved, and we perceive no reason to disturb them. '
We think these authorities dispose of the question. As remarked by White, J., in the Silvus case, referring to the adoption of the opposite rule, “what is recognized in the books as a defense would cease to be such in any just sense, because the burden would be cast on the State of disproving its existence in order to support the indictment.”
The case at bar is wholly different from that of an alibi. That defense relates to the claimed denial by defendant of any participation whatever in the acts which constituted the crime charged, while in our case the record forecloses against defendant the facts of his presence and participation in the acts which constituted the crime.
Attention is called to Jones v. The State, 51 Ohio St., 331, opinion by Bradbury, J., and it is strenuously insisted by counsel for defendant that it rules the case at bar against the State. At first blush it might seem that there is some ground for counsel’s claim, but we think a careful examination of the case dispels that impression. The accused was charged with murder, and it was essential to a conviction that the State prove, beyond a reasonable doubt, the intent to kill. The defendant requested a charge embodying the proposition that the burden of proof 'is not on the defendant that the gun was discharged by accident, but the State must establish, beyond a reasonable doubt, that the defendant deliberately discharged the gun with premeditation and motive *73 before the jury could convict. The material element of the ruling is that where the State has shown that the death was the result of design, the notion of accident is necessarily excluded. That which is designedly accomplished cannot, in the very nature of things, be accidental. Therefore, when the plaintiff in error introduced evidence tending to prove that the gun was accidentally discharged, he was merely controverting the truth of the averment in the indictment that it was purposely discharged.
To sum up the case, it stands thus: The record shows that the robbery was committed as charged; Jiat the defendant participated in it, and is therefore guilty as charged and was properly convicted unless he produced evidence which exculpated him. That is, he is proven guilty of doing the act. The usual presumption follows. His plea is not that he did not participate in the robbery; did not intend to do the act, but that his intent was controlled by an outside force, viz: duress. This being an affirmative defense the burden of proving it was on the defendant, and the trial court did not err in refusing to put that burden on the State. This conclusion requires a reversal of the judgment of the circuit court and an affirmance of that of the common pleas.

Reversed.

Davis, Shaucic, Price, Johnson and Donahue, JJ., concur.